**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerber Life Insurance Company, | No. CV-23-01095-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Mia Harris, et al., | |
| Defendants. | |

Pending before the Court is a motion by Gerber Life Insurance Company ("Plaintiff") to deposit funds and be dismissed from this interpleader action. (Doc. 9.) The Court will require Plaintiff to file a supplemental brief addressing the concerns raised below.

## BACKGROUND

On June 15, 2023, Plaintiff initiated this action by filing a complaint for interpleader of proceeds from a life insurance policy ("the Policy"). (Doc. 1.) The complaint names two defendants, Fallon Harris ("Fallon") and Mia Harris ("Mia"). (*Id.* ¶¶ 3-4.) The complaint alleges in relevant part as follows:

> On December 16, 2015, [Fallon] applied for a policy insuring the life of her minor son Kaden Harris-Ingram ("Kaden"), then six (6) years old, with a face value of $50,000. [Fallon] listed herself as owner of the Policy, and no beneficiary was named. Pursuant to the language of the application ("You [the policy owner] will be beneficiary unless you name someone else below") and the terms of the Policy ("If no Beneficiary is named in the Application, You [the policy owner] will be the beneficiary"), [Fallon] was the sole beneficiary under the Policy at all times. Gerber issued [the Policy] on December 17, 2015.

> …
>
> On September 11, 2021, Kaden passed away at the age of 12 due to multiple gunshot wounds. [Fallon], the sole beneficiary under the Policy, has been charged with Kaden's murder and is currently incarcerated in Cook County, Illinois.

(*Id.* ¶¶ 8-11.)

The complaint further alleges that "[t]he Policy was issued in Illinois" and is therefore subject to the Illinois "slayer statute." (*Id.* ¶ 14.) That statute provides:

> A person who intentionally and unjustifiably causes the death of another shall not receive any property, benefit, or other interest by reason of the death, whether as heir, legatee, beneficiary, joint tenant, survivor, appointee or in any other capacity and whether the property, benefit, or other interest passes pursuant to any form of title registration, testamentary or nontestamentary instrument, intestacy, renunciation, or any other circumstance. The property, benefit, or other interest shall pass as if the person causing the death died before the decedent . . . . A determination under this Section may be made by any court of competent jurisdiction separate and apart from any criminal proceeding arising from the death, provided that no such civil proceeding shall proceed to trial nor shall the person be required to submit to discovery in such civil proceeding until such time as any criminal proceeding has been finally determined by the trial court or, in the event no criminal charge has been brought, prior to one year after the date of death. A person convicted of first degree murder or second degree murder of the decedent is conclusively presumed to have caused the death intentionally and unjustifiably for purposes of this Section.

755 Ill. Comp. Stat. Ann. 5/2-6.

The complaint further alleges that "[o]n or about February 12, 2022, [Mia], the mother of [Fallon] and grandmother of Kaden, submitted a claim for the Policy benefits, listing herself as beneficiary." (Doc. 1 ¶ 12.)

Plaintiff alleges that it "has no interest in the Policy proceeds" and "is faced with conflicting claims regarding these funds," such that "interpleader is proper, and [Plaintiff] should be permitted to deposit the funds into this Court's registry and be dismissed as a party" because "it is unclear whether [Fallon's] right to the Policy benefits is forfeited." (*Id.* ¶¶ 1, 19-22.)

On November 14, 2023, Plaintiff filed proof that Fallon and Mia had been served. (Doc. 8.)

On February 20, 2024, Plaintiff filed a motion for interpleader and dismissal, asking

the Court to order it "to pay the Policy proceeds, less $4,451.76 in fees and costs, to the Clerk of Court," to "make such judgment as necessary to determine who is properly entitled to the Policy proceeds and direct the Clerk of Court to release the Policy proceeds in accordance with that judgment," to "permanently enjoin and restrain defendants and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the Policy proceeds, or any other action relating in any way to [Plaintiff's] handling of this claim," and to "dismiss [Plaintiff] as a party and discharge it from all further liability under the Policy." (Doc. 9 at 4.)

**DISCUSSION**

The point of an interpleader action is to "authorize[] a stakeholder to join persons with claims that may expose the stakeholder to double or multiple liability." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 893 (9th Cir. 2012). Thus, interpleading is common when (as here) an insurance company alleges that a death benefit is payable but the beneficiary is unclear due to uncertainty over whether a so-called "slayer statute" will bar a person accused of causing the death from recovering the benefit. *See, e.g.*, *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023 (9th Cir. 2010) (interpleader action "proper" where banned beneficiary challenged ruling that Nevada's slayer statute prohibited him from benefitting from killing his wife); *Minnesota Life Ins. Co. v. Swanner*, 2021 WL 7544141, *1 (S.D. Ill. 2021) (plaintiff insurance company discharged from interpleader action before court determined application of Illinois's slayer statute); *Hartford Life & Accident Ins. Co. v. Adviento*, 2018 WL 3370519, *6 (D. Haw. 2018) (interpleader action "based on the application of Hawaii's slayer statute . . . is appropriate"); *State Farm Life Ins. Co. v. Esswein*, 2018 WL 11381172 (C.D. Cal. 2018) (interpleader action where only dispute between claimants was whether primary beneficiary was barred from recovery by California's slayer statute); *Genworth Life & Annuity Ins. Co. v. James Butwin Ins. Tr. Fund*, 2014 WL 12689490, *1-2 (D. Ariz. 2014) (interpleader action in which application of Arizona's slayer statute was at issue); *Protective Life Ins. Co. v. Mizioch*, 2012 WL

786831, *1 (D. Ariz. 2012) ("Both Protective Life and AXA filed interpleader complaints with the Court.  Because competing claims to both Policies would prevail if Peter Mizioch were prohibited from recovering under the Policies pursuant to [Arizona's slayer statute], the insurance companies filed suit to have the Court resolve the slayer statute issues and determine the proper beneficiaries of the Policies."); *New York Life Ins. Co. v. Morales*, 2007 WL 4328512, *1 (S.D. Cal. 2007) (plaintiff insurance company discharged from interpleader action before court determined application of California's slayer statute).

Here, the complaint correctly identifies Fallon as one of the potential claimants, as she is entitled to the Death Benefits if Illinois's slayer statute does not bar her from receiving them.  This is because the Policy obligates Plaintiff to pay the Death Benefits "to the Beneficiary" upon receipt of proof of Kaden's death.  (Doc. 1-2 at 2.)  "Beneficiary," in turn, is defined as "[t]he person or persons named to receive the Death Benefits of this Policy subject to its terms."  (*Id.* at 11.)  Elsewhere, the Policy elaborates that "[t]he Primacy Beneficary(ies) and any contingent Beneficary(ies) are named in the Application or last beneficiary designation filed with us.  *If no Beneficiary is named in the Application, You will be the Beneficiary*."  (*Id.* at 13, emphasis added.)  Here, the Application did not specify a Beneficiary—that portion of the form was left blank.  (*Id.* at 6.)  Accordingly, the Beneficiary is "You"—a term that is defined on the first page of the Policy as "the Owner." (*Id.* at 2.)  And on the Policy Specifications page, Fallon is identified as the Owner.  (*Id.* at 4. *See also id.* at 11 [defining "Owner" as "the person named on the Policy Specifications page"].)

The complaint also correctly notes that if Fallon intentionally and unjustifiably caused Kaden's death, she would not be entitled to the Death Benefits.  This is because Fallon would be barred by Illinois's slayer statute from "receiv[ing] any property, benefit, or other interest by reason of the death" and would be deemed to have died before Kaden's death.  The question, then, is who would be entitled to the Death Benefits in this hypothetical scenario.

The complaint alleges that Fallon's estate would become the Beneficiary if Fallon

- 4 -

were presumed to have predeceased Kaden.  (Doc. 1 ¶ 16 ["Pursuant to the terms of the Policy, 'if no Beneficiary is living when the Insured dies, death benefits will be paid to You [the policy owner], if You are living, otherwise to Your estate.'"].)  This allegation is predicated on the assumption that Fallon would remain "You," *i.e.*, the Owner of the Policy, after she predeceased Kaden, such that the absence of a living Beneficiary or Owner would mean that Fallon's estate would be next in line to receive the Death Benefits.

The Court is not sure this is correct.  A clause in the Policy specifies that "[i]f the Owner . . . dies before the Insured's 21st birthday, the Beneficiary, if alive, will become the Owner; otherwise the legal guardian(s) of the Insured will become the Owner." (Doc. 1-2 at 12.)  In other words, in the hypothetical scenario in which Fallon—the Owner and Beneficiary—died before Kaden, when Kaden was 12 years old, anyone who was already Kaden's legal guardian at the time of Fallon's fictional death, or who became his legal guardian upon her passing, would become the Owner of the Policy (*i.e.*, "You").  That person would then, by virtue of his or her status as the new Owner (the new "You"), also become the Beneficiary.  (*Id.* at 13 ["If no Beneficiary is named in the Application, You will be the Beneficiary."].)  And with a new living Beneficiary and a new living "You," the estate of the previous Owner would not be in line to receive the Death Benefits.  (*Id.* ["If no Beneficiary is living when the Insured dies, death benefits will be paid to You, if You are living, otherwise to Your estate."].)

Under Illinois law, if Kaden had another living parent whose parental rights had not been terminated, that person would have already been Kaden's legal guardian at the time of Fallon's fictional death.  An application for guardianship of Kaden brought by any other person would not have even been heard by a court unless a statutory presumption in favor of the living parent could have been overcome.  *See* 755 Ill. Comp. Stat. 5/11-5(b) ("The court lacks jurisdiction to proceed on a petition for the appointment of a guardian of a minor if it finds that (i) the minor has a living parent, adoptive parent or adjudicated parent, whose parental rights have not been terminated, whose whereabouts are known, and who is willing and able to make and carry out day-to-day child care decisions concerning the

minor, unless [certain exceptions apply]. There shall be a rebuttable presumption that a parent of a minor is willing and able to make and carry out day-to-day child care decisions concerning the minor, but the presumption may be rebutted by a preponderance of the evidence.").

Mia, who is Kaden's grandmother, is the only defendant other than Fallon named in the complaint. The Court is concerned that if Kaden had a still-living parent other than Fallon at the time of Kaden's death—information the Court lacks—this person may be an ascertainable but as-of-yet unnamed and unserved claimant with an interest in the Policy proceeds.

The Court has been unable to locate any definitive authority addressing how to proceed when, as here, a court determines that an interpleading plaintiff may have failed to name, as a defendant, one of the potential claimants to the interpleaded funds. It could be argued that the missing potential claimant is a required party under Rule 19. *Cf. Republic of Philippines v. Pimentel*, 553 U.S. 851, 863-64 (2008) (entities were required parties in an interpleader action where "their interests in the subject matter are not protected" in their absence); *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) ("Absentees whom it is desirable to join under Rule 19(a) are persons having an interest in the controversy, and who ought to be made parties, in order that the court may act.") (quotation omitted); *Wilson v. The Canada Life Assur. Co.*, 2009 WL 532830, *2-3 (M.D. Pa. 2009) ("[A] decision regarding the ownership of the life insurance policy and the rightful recipient of the proceeds of that policy would clearly impair [unserved party] Toyo's ability to protect its asserted interest in the policy and its proceeds. . . . Any decision in this action presents a substantial risk of exposing Canada Life to multiple liabilities and inconsistent obligations regarding the competing claims to the proceeds of the policy. For these reasons, the Court finds that Toyo is a 'necessary' party to this action."). *See also Pimental*, 553 U.S. at 861 ("A court with proper jurisdiction may also consider *sua sponte* the absence of a required person . . . ."). This is particularly true because one of the categories of relief Plaintiff seeks is an order "discharg[ing] it from all further liability

under the Policy" (Doc. 9 at 4)—that is, an order that would presumably bar any future claimant from asserting a claim for the $50,000 in Death Benefits, even if that claimant was not named as a defendant in this action. On the other hand, some cases suggest that if an interpleading plaintiff opposes joinder, that is a reason not to require it. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Flanders-Borden*, 11 F.4th 12, 19 (1st Cir. 2021) (declining to join a party in part because interpleading plaintiff "vigorously opposed" the joinder). *Cf. Bevan v. Columbia Broad. Sys., Inc.*, 293 F. Supp. 1366, 1369 (S.D.N.Y. 1968) (observing outside the interpleader context that "[i]f the defendants, as appears to be the case, are content to risk a possible double liability, that is their concern").

Because Plaintiff has not yet had a chance to brief these issues, Plaintiff will be afforded an opportunity to be heard before the Court proceeds further. If Plaintiff disagrees with the analysis in this order, Plaintiff may use its supplemental brief to explain why. Alternatively, if Plaintiff agrees with that analysis, Plaintiff may choose to file an amended complaint naming an additional defendant and amending the allegations as needed.

Accordingly,

**IT IS ORDERED** that within 14 days of the issuance of this order, Plaintiff shall file a supplemental brief addressing the issues raised herein.

Dated this 30th day of April, 2024.

Dominic W. Lanza
United States District Judge