**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerber Life Insurance Company, | No. CV-23-01095-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Mia Harris, et al., | |
| Defendants. | |

This is an interpleader action that Gerber Life Insurance Company ("Gerber") initiated in June 2023 because "a death benefit [was] payable but the beneficiary is unclear due to uncertainty over whether a so-called 'slayer statute' will bar a person accused of causing the death from recovering the benefit." (Doc. 10 at 3.) The three potential claimants named in the amended complaint are Mia Harris, Fallon Harris, and Lavell Ingram. (Doc. 11.) By May 2024, all three defendants had been served. (Docs. 7, 8, 15.) However, no defendant has ever appeared to assert a claim to the interpleaded funds, and by June 2024, Gerber had deposited the $54,223.86 in disputed funds and been dismissed as a party. (Docs. 16, 18.) Gerber was subsequently granted $6,478.26 in costs and fees, which left a balance of $47,745.60 on deposit. (Doc. 19.) There have been no further developments in the action since June 2024.

Courts have dealt with this situation (*i.e.*, the claimants in an interpleader action failing to appear or assert claims to the interpleaded funds) in different ways. Some have entered default judgments against the defendants who failed to appear and answer. *See,*

*e.g.*, *Liberty Life Assurance Co. of Bos. v. Est. of Langley*, 2006 WL 8455450, *1 (S.D. Cal. 2006) (entering default judgment against all defendants because "[n]one of the Defendants have answered Plaintiff's Complaint or otherwise made an appearance in this matter"); *Am. Funeral & Cemetery Tr. Servs. v. Celestial Burial Case, Inc.*, 2007 WL 3024511, *2 (D. Or. 2007) (entering default judgment against all defendants "[b]ecause none of the defendants have appeared in this matter").[1]

Others have treated the failure of the claimants to appear and assert a claim as a failure to "prosecute" and employed Federal Rule of Civil Procedure 41(b) as a means of terminating the claims. *See, e.g., Metro. Life Ins. Co. v. Carter*, 2023 WL 5607968, *1 (W.D. Pa. 2023) ("Because Mr. Carter and Mr. Dillard, Jr. have failed to prosecute this case, the Court will now dismiss them with prejudice. Pursuant to Federal Rule of Civil Procedure 41(b), the Court has the discretion to *sua sponte* dismiss parties from an interpleader action for failure to prosecute."); *Securian Life Ins. Co. v. Ramsey*, 2019 WL 956799, *1 (E.D. Tex. 2019) (accepting the magistrate judge's recommendation to "discharg[e] Interpleader-Plaintiff Securian Life Insurance Company (Securian) from the suit . . . and dismiss[] Defendants Kristina R. Allen and Clarence Allen, Jr. from the suit for failure to comply with a court order and prosecute their case under Federal Rule of Civil Procedure 41(b)"). *Cf. Society Ins. Co. v. Nystrom*, 718 F. App'x 482, 484 (9th Cir. 2017) (noting that where the claimants in an interpleader action failed to assert claims to the interpleaded funds, those parties' "failure to prosecute [their] claim[s] may be grounds for dismissal" under Rule 41(b)).

"District courts have inherent power to control their dockets. In the exercise of that

---

[1]     On the other hand, at least one court stated that, in the context of insurance proceeds where the beneficiary may be prevented from receiving the proceeds due to a slayer statute, if the various defendants constructively admit to the allegations in the complaint via a default, those admissions do not necessarily preclude their right to recover. *Banner Life Ins. Co. v. Rocha*, 2026 WL 1413251, *9 (E.D. Cal. 2026) ("The Court is constrained to deeming Eva, Ivan, Arlene, and Aaron Rocha only to have admitted the well-pleaded allegations of the operative SAC. Notwithstanding that Eva, Ivan, Arlene, and Aaron Rocha are deemed to have admitted the well-pleaded allegations of Banner's complaint upon entry of [default], based on a tentative review of those allegations, the undersigned is uncertain that their admission of those facts necessarily disentitles them to any rightful claim to the benefits.") (cleaned up).

- 2 -

power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). It does not really matter whether the claimants in this action, none of whom have appeared, are subject to dismissal for "failure to prosecute" or as a "default" sanction, as the legal standard is the same in either scenario—the Court considers the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (failure to prosecute); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (default). The first and second factors favor dismissal here, where the case has lingered idle on the docket for two-plus years with no participating litigants. There appears to be no unfair prejudice to any defendant in dismissing them all, and Gerber no longer has any interest in this case. And although the fourth factor always counsels against dismissal, there is no practical way to resolve this case on its merits given the lack of participation. For these reasons, all of the claimants to this action must be dismissed. The Court can perceive no less drastic alternative, where the wholesale failure of any claimant to assert claims has permanently derailed this case.

To be clear, dismissal of the claimants does not result in Gerber losing the benefits it previously obtained or returning the interpleaded funds to Gerber—dismissal of the claimants simply means the claimants have forfeited any claim to the interpleaded funds. *Nystrom*, 718 F. App'x at 484 (district court erred by "bringing [the insurance company] back into the case, vacating its original orders, dismissing the action, and ordering the funds returned to [the insurance company]").

As for the unclaimed funds, "[i]n every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition

to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him." 28 U.S.C. § 2042.  Put another way, "under 28 U.S.C. § 2042, [deposited] funds will escheat to the U.S. Treasury if left unclaimed for five years."  *In re Pena*, 974 F.3d 934, 940 (9th Cir. 2020).  *See also Harris v. Union Elec. Co.*, 846 F.2d 482, 486 (8th Cir. 1988) ("The final issue on appeal concerns the disposition of approximately $181,000 in judgment fund money owed to class members who have not been found.  We affirm the order of the district court to the extent that it provides that any money unclaimed after five years escheats to the United States.").

Accordingly,

**IT IS ORDERED** that:

1. Mia Harris, Fallon Harris, and Lavell Ingram are **dismissed** from this action.

2. The Clerk shall enter judgment accordingly and terminate this action.

3. Pursuant to 28 U.S.C. § 2042, the $47,745.60 in remaining funds on deposit with the Clerk of Court, plus accrued interest, shall be deposited in the Treasury in the name and to the credit of the United States on June 18, 2029 if still unclaimed at that time.

Dated this 6th day of August, 2026.

Dominic W. Lanza
United States District Judge